UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DONG "KEVIN" GUO, | Case No. 2:18-CV-1171 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| WAL-MART STORES, INC., | |
| Defendant(s). | |

Presently before the court is the matter of *Guo v. Walmart Inc.*, case no. 2:18-cv-01171-JCM-PAL.

The court has ordered the parties to file a proposed joint pretrial order ("PJPTO"). (ECF No. 7). However, the proposed PJPTO submitted by plaintiff Dong Guo ("plaintiff") fails to comply with the local rules in several respects. (ECF No. 29).

First, plaintiff indicates that the parties "were unable to finalize" a PJPTO, and thus that plaintiff alone has submitted his PJPTO. (ECF No. 29 at 1). However, Local Rule 16-3(b) unambiguously provides that PJPTOs are to be prepared by the attorneys for all parties to the litigation. *See* LR 16-3(b). Moreover, to the extent that the parties are unable to agree on the various statements of fact and law, Local Rule 16-4 addresses the parties' issue. *See* LR 16-4. In particular, Local Rule 16-4 provides that "[s]hould the attorneys or parties be unable to agree on the statement of issues of fact [and/or the statement of issues of law], the joint pretrial order should include separate statements of issues of fact [and/or statements of issues of law] to be tried and determined upon trial." LR 16-4 n.1, n.2.

Moreover, missing from the PJPTO is a statement by each party of whether they intend to present evidence in electronic format to jurors for purposes of jury deliberations, as required by

**James C. Mahan**
**U.S. District Judge**

Local Rule 16-3(b)(9). *See* LR 16-3(b)(9). Finally, plaintiff's email address is missing from the caption, and this error should be fixed as well. *See* (ECF No. 29 at 1).

These deficiencies run afoul of Local Rule 16, and therefore the court will strike plaintiff's noncompliant document. (ECF No. 29). *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets); *see also* LR IC 7-1 ("The court may strike documents that do not comply with these rules.").

Additionally, the court finds the number of witnesses listed in the PJPTO to be called at trial by plaintiff is excessive. Indeed, plaintiff lists no fewer than forty-three (43) potential witnesses to be called. (ECF No. 29 at 11–15). Because the court has discretion to limit the number of expert witnesses to be called at trial, the court hereby instructs plaintiff to reduce his proposed expert witness list to no more than three (3) expert witnesses prior to refiling the PJPTO, absent a showing a good cause. *See Ruud v. United States*, 256 F.2d 460, 462 n. 5 (9th Cir. 1958) ("There can be no doubt of the power of the trial court, in the exercise of a sound and reasonable judicial discretion, to limit the number of expert witnesses. . .") (citation omitted).

In light of the foregoing, the parties shall file, within fourteen (14) days of the entry of this order, a PJPTO that complies with LR 16-3 and LR 16-4. Failure to timely comply with this order may result in sanctions and/or dismissal. *See Ready Transp., Inc*., 627 F.3d at 404 (finding that "the inherent powers permit a district court to go as far as to dismiss entire actions to rein in abusive conduct") (citing *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)).

Accordingly,

IT IS ORDERED THAT the parties shall file, within fourteen (14) days of the entry of this order, a proposed joint pretrial order that complies with all applicable federal and local rules.

IT IS FURTHER ORDERED THAT the noncompliant document (ECF No. 29) be, and the same hereby is, STRICKEN.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED THAT plaintiff shall limit his expert witness list to no more than three (3) expert witnesses, in accordance with the foregoing.

IT IS SO ORDERED.

DATED March 6, 2019.

_____
UNITED STATES DISTRICT JUDGE