UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| DONG "KEVIN" GUO, | Case No. 2:18-CV-1171 JCM (BNW) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| WAL-MART STORES, INC., | |
| Defendant(s). | |

Presently before the court is defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") motion to dismiss. (ECF No. 18). Plaintiff Dong "Kevin" Guo ("Guo") filed a response (ECF No. 23), to which Wal-Mart replied (ECF No. 25).

Also before the court is Guo's motion to strike (ECF No. 12). Wal-Mart filed a response (ECF No. 17), to which Guo replied (ECF No. 20).

**I.   Facts**

On or about May 2, 2016, Guo was shopping at Wal-Mart, located at 3615 S. Rainbow Blvd, Las Vegas, NV 89103. *Id*. at 4–6.  While shopping, Guo was struck on the head by an eight-foot plastic table after he attempted to remove it from its display shelf.  (ECF Nos. 1-3, 18 at 2).

On January 9, 2018, Guo initiated this action in state court, alleging that the incident caused him, *inter alia*, severe bodily injury.  (ECF Nos. 1-3, 18).  Guo alleges that an unnamed Wal-Mart employee ("Doe worker")—acting within the scope of his or her employment— negligently failed to protect patrons from the danger of the stacked tables. *Id*.  Guo further alleges that Doe worker owed him a duty to ensure the premises was reasonably safe. *Id*. at 4. On January 31, 2018, Wal-Mart filed an answer to Guo's complaint but did not identify Doe

**James C. Mahan**
**U.S. District Judge**

worker. (ECF No. 18 at 2). On June 27, 2018, Wal-Mart removed the case to federal court based on diversity jurisdiction. (ECF No. 1).

At the start of discovery, the parties scheduled a July 25, 2018 deposition pursuant to FRCP 30(b)(6) of Wal-Mart's corporate representative. (ECF No. 12 at 3). The parties rescheduled the Rule 30(b)(6) deposition several times before agreeing upon a final date of Monday, October 1, 2018. *Id.* at 5. However, prior to the deposition, the parties conferred and disagreed about the appropriate topics for the deposition of Wal-Mart's Rule 30(b)(6) witness. *Id.* at 4. After reaching an agreement regarding some of the disputed topics, the parties confirmed that the deposition would take place, as scheduled. *Id.*

On Friday, September 28, 2018—the last business day prior to the deposition—at approximately 4:50 p.m., Wal-Mart's counsel called Guo's counsel to report that Wal-Mart's designated Rule 30(b)(6) witness was unavailable to be deposed, as that witness "was going to be testifying in another matter at the same time." *Id.* at 5. On the morning of the deposition, Wal-Mart's counsel emailed Guo's counsel to state yet again that its Rule 30(b)(6) witness would not be appearing, this time for the reason that Wal-Mart planned to file a motion for a protective order pertaining to the deposition. *Id.* at 6. Guo never filed a motion to compel Wal-Mart to produce its Rule 30(b)(6) witness for a deposition after Wal-Mart informed him that it planned to file a motion for a protective order.

Now, Guo moves to strike Wal-Mart's answer to the complaint and enter default judgment in his favor for Wal-Mart's failure to produce a Rule 30(b)(6) witness. (ECF No. 12). Additionally, Wal-Mart moves to dismiss Doe defendant from this action. (ECF No. 18).

**II.  Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a

"formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumptions of truth. *Id*. at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id*. at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subject to the expense of discovery and continued litigation.

*Id*.

. . .

### III. Discussion

*a. Motion to strike*

Guo moves to strike Wal-Mart's answer and for default judgment in its favor pursuant to FRCP 37(d).[1] (ECF No. 12).

Pursuant to Rule 37(d), the court may impose sanctions on a party for failing to appear for a duly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i) and 37(d)(3). In determining such sanctions, the court weighs five factors: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006); *see also Holmquist v. Exotic Cars at Caesars Palace, LLC*, No. 2:07-cv-0298-RLH-GWF, 2008 WL 4491551 at *6 (D. Nev. Sept. 29, 2008).

The court need not make explicit findings regarding each factor. *Henry v. Gill Industries*, 938 F.2d 943, 948 (9th Cir. 1993) (citation omitted). However, the key factors are prejudice to the moving party and availability of lesser sanctions. *Id.* Moreover, sanctions must be reasonably related to the subject of discovery and "are appropriate only in extreme circumstances" and where the failure to appear is due to willfulness, bad faith, or fault of the party. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir.), *cert. denied*, 537 U.S. 1018, 123 S.Ct. 536, 154 L.Ed.2d 425 (2002) (citations and internal quotations omitted); *Desert Palace, Inc. v. Michael*, No. 2:16-cv-00462-JAD-GWF, 2018 WL 4205026 at *2 (D. Nev. Sept. 4, 2018) (citation omitted).

Discovery in this matter commenced on June 27, 2018, and ended on December 27, 2018. (ECF No. 6 at 2). At any point during the six-month discovery period, Guo could have filed an appropriate motion to compel Wal-Mart to produce its Rule 30(b)(6) witness for a deposition. However, Guo filed only one motion to compel compliance with discovery, and that motion

---

[1] Guo also makes passing reference to FRCP 37(b), which provides for imposition of sanctions for a party's failure to comply with a court order. (ECF No. 12 at 9). However, Guo concedes that there is no court order with which Wal-Mart failed to comply and cites no authoritative case law justifying the extraordinary sanction of striking Wal-Mart's answer on those grounds. *See id.*

James C. Mahan
U.S. District Judge

sought to compel Wal-Mart to identify Doe worker—not to produce a Rule 30(b)(6) witness. *See* (ECF No. 10). The court declines to reward Guo for failing to seek less drastic remedies prior to filing the instant motion to strike Wal-Mart's answer and enter default judgment against it.

Moreover, Wal-Mart insists that it has made repeated attempts to try to reschedule the deposition so that it can move forward with the discovery that Guo is requesting. (ECF No. 17 at 4). In light of Wal-Mart's representations that it is willing to produce a Rule 30(b)(6) witness, the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions, the court will deny Guo's motion to strike.

*b. Motion to dismiss*

Wal-Mart argues that Guo fails to state a claim against Doe worker and thus moves to dismiss Doe worker from this action. (ECF No. 18). Guo cites Wal-Mart's alleged refusal to disclose Doe defendant's identity (through its failure to produce a Rule 30(b)(6) witness) as the reason for his failure to allege an adequate claim against an identified party. (ECF No. 23).

The use of "Doe defendants" is disfavored in federal court. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where defendants' identities are not known prior to filing a complaint, "the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* (citation omitted); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430–31 n.24 (9th Cir. 1977); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978).

Here, Guo waived his opportunity to discern Doe worker's identity by failing to file an appropriate motion to compel discovery in this case. Accordingly, as discovery in this case closed on December 27, 2018, plaintiff's opportunity to identify Doe worker has passed. Wal-Mart's motion to dismiss is therefore granted.

. . .

. . .

. . .

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wal-Mart's motion to dismiss (ECF No. 18) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Guo's motion to strike (ECF No. 12) be, and the same hereby is, DENIED.

DATED August 9, 2019.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE