UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DONG "KEVIN" GUO, | Case No. 2:18-CV-1171 JCM (BNW) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| WAL-MART STORES, INC., | |
| Defendant(s). | |

Presently before the court is defendant Wal-Mart Stores, Inc.'s ("Walmart") motion to continue trial. (ECF No. 57). Plaintiff Dong "Kevin" Guo opposes a continuance. (ECF No. 59).

I. **BACKGROUND**

This is a premises liability case. Guo alleges that he was shopping at the Walmart at 3615 S. Rainbow Blvd. in Las Vegas when he was "struck in the head by a table previously placed on display for sale" which was "stacked, presented, displayed and/or stored in a manner which was insufficient to protect the table from falling from the display shelf." (Joint Pre-trial Order, ECF No. 34 at 1). Trial is set for Monday, July 26, 2021. The master trial scheduling conference is set for Tuesday, July 6, 2021 where Judge Navarro will announce the priority of the cases on the July 26 stack. (Minute Order, ECF No. 56). Walmart now moves to continue trial. (ECF No. 57).

II. **LEGAL STANDARD**

"The decision to grant or deny a requested continuance lies within the broad discretion of the district court." *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.), *amended*, 764 F.2d 675 (9th Cir. 1985); *see also Danjaq LLC v. Sony Corp.*, 263 F.3d 942,

**James C. Mahan**
**U.S. District Judge**

961 (9th Cir. 2001). The court considers: (1) the movant's diligence in preparing his defense prior to trial, (2) the likelihood that a continuance would have addressed the need identified by the movant for the continuance, (3) the inconvenience posed by a continuance to the court and the opposing party, including any witnesses, and (4) whether the movant was prejudiced by denial of the continuance. *Flynt*, 756 F.2d at 1359. The fourth factor—a showing of prejudice—is mandatory. *Danjaq LLC*, 263 F.3d at 961.

### III. DISCUSSION

Walmart offers two main reasons for a continuance: the unavailability of its experts and scheduling conflicts with two state court trials. Walmart's retained neurologist, Dr. Stephen McIntire, is unavailable to testify due to his daughter's wedding. (ECF No. 57 at 2). And its retained radiologist, Dr. Arthur Dublin, can only testify remotely which, while "understandable during such trying times," may "prejudice or undercut" the importance of his testimony. (*Id.* at 3). Moreover, defense counsel is going to trial in state court in the much older cases of *Drage, et al., v. AAAA Two Star Towing, Inc., at al.*, Case No. A-15-724188-C, on July 19, 2021, and *Pereira v. Werdco BC, Inc., et al.*, Case No. A-17-753682-C, on August 2, 2021. (*Id.*).

Guo opposes a continuance by noting that the parties in *Drage* have since settled and that defense counsel was disqualified in *Pereira*. (ECF No. 59 at 3). And the unavailability of experts alone does not warrant a continuance because given COVID-19 precautions, "it is not unexpected that some witnesses will be appearing remotely." (*Id.* at 2). "Plaintiff's counsel had a trial last month before Judge Dorsey where half of the witnesses appeared in this manner, and trial proceeded smoothly." (*Id.*).

After considering the *Flynt* factors—most notably the prejudice Walmart would incur given the unavailability of its expert witnesses—and the court's calendar, the court orders a continuance.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

### IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Walmart's motion to continue trial (ECF No. 57) be, and the same hereby is, GRANTED. Calendar call is CONTINUED to January 19, 2022 at 1:30 pm and trial is CONTINUED to January 24, 2022 at 9:00 am.

IT IS FURTHER ORDERED that this case is REFERRED to Magistrate Judge Weksler for a mandatory settlement conference pursuant to Local Rule 16-5.

DATED July 2, 2021.

_____
UNITED STATES DISTRICT JUDGE