UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DONG "KEVIN" GUO,<br><br>         Plaintiff(s),<br><br>  v.<br><br>WAL-MART STORES, INC.,<br><br>         Defendant(s). | Case No. 2:18-CV-1171 JCM (BNW)<br><br>ORDER |

  Presently before the court are plaintiff Dong Guo's ("Guo") motions *in limine* (ECF Nos. 70; 71; 72; 73), to which defendant Wal-Mart Stores, Inc. ("Walmart") filed responses (ECF Nos. 75; 76; 77; 78).

**I. Background**

  The instant action arises from an accident at the Walmart store located at 3615 S. Rainbow Boulevard, Las Vegas, Nevada. Guo was shopping on May 2, 2016, when he attempted to remove an eight-foot plastic table from a display shelf. (ECF No. 1-3). The table struck him on the head and caused severe bodily injury. (*Id.*).

  Guo now files four motions *in limine* to restrict Walmart from offering certain evidence and arguments at trial. (ECF Nos. 70; 71; 72; 73).

**II. Legal Standard**

  "The court must decide any preliminary question about whether . . . evidence is admissible." FED. R. EVID. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

**James C. Mahan**
**U.S. District Judge**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* FED. R. EVID. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). "[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

**III. Discussion**
  a. Motion *in limine* no. 1 to "preclude the suggestion of attorney-driven medical care" (ECF No. 70).

Guo objects to Walmart's anticipated argument that he sought excessive and unnecessary medical treatment at the direction of his attorney. *See* FED. R. EVID. 403. Walmart argues that Guo's objection is premature, does not seek to exclude evidence, and is based on inapplicable caselaw.

The court DENIES Guo's motion *in limine* no. 1. Argument that Guo's medical treatment was attorney driven is just that, argument. If Walmart offers evidence on this issue that is substantially more prejudicial than probative, the court will address it at trial.

**James C. Mahan**
**U.S. District Judge**

b. <u>Motion *in limine* no. 2 "to exclude references to liens" (ECF No. 71).</u>

Guo objects to Walmart's anticipated evidence and argument regarding the liens for his medical treatment. *See Proctor v. Castelletti*, 911 P.2d 853 (Nev. 1996) (discussing the collateral source rule). Walmart argues that Guo's request is too vague to grant relief and assures the court that it "<u>does not</u> seek to introduce evidence of collateral source payments or write-downs to [Guo]'s medical bills." (ECF No. 76 at 4) (emphasis in original).

The court GRANTS in part and DENIES in part Guo's motion *in limine* no. 2. Walmart may not offer evidence or arguments regarding Guo's liens to suggest any reduction in damages; it may offer "evidence of the existence of medical liens to prove bias." *See Khoury v. Seastrand*, 377 P.3d 81, 94 (2016).

c. <u>Motion *in limine* no. 3 "to limit experts to their reports" (ECF No. 72).</u>

Guo objects to Walmart's anticipated eliciting of testimony from its experts on matters outside the scope of their reports. *See* FED. R. EVID. 702. Walmart agrees in principle but argues that its experts should not be restricted to verbatim recitations of their reports.

The court GRANTS Guo's motion *in limine* no. 3. Walmart instructed to restrict its experts' testimony to the opinions and the basis of those opinions contained in their reports. To clarify, experts are not restricted to reading from their reports verbatim.

d. <u>Motion *in limine* no. 4 "regarding Stuart Kaplan, M.D." (ECF No. 73).</u>

Guo objects to Walmart's anticipated arguments regarding his doctor's board complaints. *See* FED. RS. EVID. 401; 403. Walmart argues that the board complaints go directly to the issue of whether Dr. Kaplan actually met Guo and adequately supervised him during his appointments.

The court GRANTS Guo's motion *in limine* no. 4. Evidence of Dr. Kaplan's board complaints is irrelevant; to the extent it is relevant, it is substantially more prejudicial than probative. Walmart may not offer such evidence at trial.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Guo's motion *in limine* no. 1 (ECF No. 70) be, and the same hereby is, DENIED, consistent with this order.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1       IT IS FURTHER ORDERED that Guo's motion *in limine* no. 2 (ECF No. 71) be, and the
2  same hereby is, GRANTED in part and DENIED in part, consistent with this order.
3       IT IS FURTHER ORDERED that Guo's motions *in limine* nos. 3 and 4 (ECF Nos. 72;
4  73) be, and the same hereby are, GRANTED, consistent with this order.
5       DATED July 1, 2022.

    _____
    UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**